Spear, J.
Two questions only are presented by the record. They relate to alleged error in the admission of evidence, one respecting a certain photograph and the other certain pictures.
De Onzo is by profession an athlete or acrobat, his specialty being what he terms barrel jumping. His evidence given at the trial tended to show that he was a man at the time of the accident of about thirty-five years of age, a public performer in theaters, in perfect health and in every way capable of performing the feats upon the stage called for by his profession. He had performed *114 successfully in the chief cities of the United States and of Europe, and before many of the members of the royal families of England and on the continent, and had received large pay. Since the injury he cannot perform any of the more difficult and attractive feats, and his earnings from such minor feats as he can perform are exceedingly small.
The accident occurred on December 26, 1901, by reason of a collision between a freight train and a passenger train on The Cincinnati, Hamilton & Dayton Railway, on which De Onzo was a passenger on his way from Hamilton to Cincinnati. The principal injury complained of was to his left leg. In examining the plaintiff at the trial respecting his injury, and after the witness had testified as to certain lumps. and swellings then appearing on the left leg and which he stated were not there before the accident, his counsel produced a photograph purporting to give an accurate representation of the plaintiff's legs before the accident. The plaintiff then testified that the photograph was a correct picture of himself before and at the time of the accident, and truly represented his legs. The photograph was then offered in evidence. Objection was made especially on the ground that counsel did not know when it was taken. The witness was then inquired of as to when the picture was taken, and after some answers indicating uncertainty of recollection, testified that it was taken at Kansas City in the year 1901, and close onto September, being about three months prior to the accident. The objection of *115 counsel was overruled and the photograph admitted, to which counsel for the Company excepted. The special objection here urged is that the photograph was taken at too remote a time, and that the condition of the leg being a proper subject for oral description, and being of a nature easily described by oral testimony, a picture of it could not aid the jury nor for any purpose be competent.
We do not consider the objection well taken. The introduction of photographs in evidence at the trial of causes is quite familiar practice in Ohio courts and has been for many years, but we are not aware of any reported case in this court which undertakes to declare any principle of law upon the subject. This may be because no serious objection has been taken to that mode of making proof, the general practice having been acquiesced in. It has been thought proper for courts to take judicial notice that photography, being the art of producing and preserving representations of persons, places and things by the action of light upon a prepared surface, may become a valuable aid in the development of facts before our legal tribunals, and this rule generally prevails. From many authorities, decisions and textbooks, and from the practice of courts in this state and elsewhere, it may be stated as a general rule that photographs are admissible in evidence when they appear to have been accurately taken, and are proven to be correct representations of a subject in controversy, which subject cannot itself be produced, or of some subject incident to it, and also of such a *116 nature as to throw light upon the disputed point. If the photograph has been verified as above indicated, it is a proper item of evidence to go to a jury. Necessarily some discretion is reposed in the trial court in passing upon the preliminary proof, and determining whether or not the photograph has been sufficiently verified and is pertinent to the issue, but such discretion is a reasonable one and not to be exercised arbitrarily. The record in this case indicates that the court’s discretion had been reasonably exercised.
Nor was the photograph used as primary evidence. The plaintiff had testified to the condition of his limbs prior to the accident, but the limbs themselves could not be exhibited as of that time. Hence the photograph served to corroborate the testimony of the witness and more fully show to the jury the contrast between the injured leg as it had been and as it then was shown to the jury.
As to the pictures. The pictures offered were in a magazine. While De Onzo was testifying as to the feats he performed he was shown the pictures and inquired of if they correctly represented the tricks he had described. The ability to perform such feats was of itself a valuable acquirement. It was not entirely easy to effectively describe b)'’ oral testimony the exact performance which De Onzo had been able to give, and these pictures afforded a representation of the difficult feats and tended to enable the jury more clearly to understand and apply the oral evidence; They were thereupon torn from the magazine and given in evidence. We do not think this was error.
*117 Many authorities have been cited and consulted. They will be found, pro and con, in the reporter’s notes. We do not regard it necessary to repeat them here.
The judgments below will be affirmed.

Judgment affirmed.

Davis, C. J., Shaucic, Johnson, Donahue and O’Hara, JJ., concur.